**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re: | Chapter 13 |
| SHIRLEY DEAN TAYLOR, | Case No. 17-30142-KRH |
| Debtor. | |
| SHIRLEY DEAN TAYLOR, | |
| Plaintiff, | Adv. Proc. No. 18-03003-KRH |
| v. | |
| ALLIED TITLE LENDING, LLC d/b/a ALLIED CASH ADVANCE, *et al.*, | |
| Defendants. | |

**ORDER OF CERTIFICATION TO THE SUPREME COURT OF VIRGINIA**

The United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division, pursuant to Rule 5:40 of the Rules of the Supreme Court of Virginia, certifies two questions of law to the Supreme Court of Virginia because the questions of law are determinative in a pending action and there is no controlling Virginia precedent on point.

David R. Ruby (VSB #22703)
William D. Prince IV (VSB #77209)
Michael G. Matheson (VSB #82391)
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Telephone: (804) 698-6220
Facsimile: (804) 780-1813
Email: druby@t-mlaw.com
Email: wprince@t-mlaw.com
Email: mmatheson@t-mlaw.com

*Counsel for Allied Title Lending, LLC d/b/a Allied Cash Advance*

## I.     The Nature of the Controversy in Which the Questions Arise

Debtor Shirley Taylor ("Taylor") has filed an adversary proceeding in the Bankruptcy Court for the Eastern District of Virginia seeking relief against Allied Title Lending LLC d/b/a Allied Cash Advance ("Allied"). Under Count II and Count III of her Amended Complaint, Taylor contends that Allied's "Line of Credit Agreement and Plan" violates Virginia consumer finance law so as to entitle her to relief under Virginia Code §§ 6.2-305 and -1541.  Taylor seeks such relief on behalf of herself and a putative class of other debtors in bankruptcy proceedings.

Specifically, Taylor contends that Allied's Line of Credit Agreement and Plan does not qualify for the statutory usury and licensure exemption for open-end credit products stated in Virginia Code § 6.2-312(A). According to the Amended Complaint, Allied allegedly does not meet this exemption, and Allied's Line of Credit Agreement and Plan is unlawful and void, because: (1) Allied charges interest in excess of 12 percent per year in violation of Code § 6.2-303; and (2) Allied is unlicensed in violation of Code § 6.2-1501. It is undisputed that Allied charges interest in excess of 12 percent per year and that Allied is unlicensed. Allied contends that, under Virginia law, it is not bound by the 12 percent interest cap and is not required to have a license.

Taylor and the putative class of debtors seek disallowance of Allied's proofs of claim, a declaration that Allied's products are void, monetary damages as provided under Code §§ 6.2-305 and -1541, and injunctive relief. Whether Allied's Line of Credit Agreement and Plan meets the exemption criteria stated in Code § 6.2-312(A) is consequently determinative of Taylor's claims in Count II and Count III of the Amended Complaint.

The following procedural history has given rise to this Order:

a.  On July 25, 2016, Taylor entered into a "Line of Credit Agreement and Plan" (the "Agreement") with Allied Title Lending LLC d/b/a Allied Cash Advance ("Allied") with a stated "credit limit" of $1,500.00.

b.  In extending credit to Virginia consumers, Allied repeatedly used the same Line of Credit Agreement and Plan used with Taylor, but with individualized credit limits at or below $1,500.

c.  On January 11, 2017, Taylor filed Chapter 13 bankruptcy under Bankruptcy Case No. 17-30142.

d.  On March 21, 2017, Allied filed Proof of Claim No. 8-1 ("Claim 8-1") for the unsecured amount of $2,756.92. Allied cites the Agreement as the basis for its claim.

e.  On August 29, 2017, Taylor filed an Objection to Claim No. 8-1. The basis for Taylor's objection is her allegation that no debt is owed because the Agreement is void and unenforceable.

f.  On September 28, 2017, defendant Cerastes, LLC ("Cerastes") filed an Original Transfer of Claim, asserting that it had acquired this debt from Allied. The same day, Cerastes filed Amended Proof of Claim No. 8-2 ("Claim 8-2") for the unsecured amount of $2,756.92.[1]

g.  Cerastes subsequently transferred the claim back to Allied. Thus, as the case presently stands, Allied is the holder of Claim 8-2.

h.  On January 15, 2018, Taylor filed Adversary Proceeding No. 18-03003 against Allied and Cerastes.

---

[1] Claim 8-2 amended and replaced the original Claim 8-1.

      i.      On March 15, 2018, Taylor filed an Amended Complaint as of right as permitted by Rule 15(a) of the Federal Rules of Civil Procedure. The Amended Complaint asserts five (5) counts. Of these, only Count II and Count III involve issues related to the certified questions presented in this Order.[2]

      j.      Count II seeks disallowance of Allied's claims against her in the bankruptcy proceeding as well as monetary damages under Code §§ 6.2-305 and -1541. In addition, with respect to the class action aspect of her Amended Complaint, Count II seeks disallowance of all proofs of claim that Allied filed in each putative class member's bankruptcy case as well as monetary relief.[3]

      k.      Count III seeks a declaration that the Agreement is void under Virginia law as well as monetary relief under Virginia Code §§ 6.2-305 and -1541. In addition, with respect to the class action aspect of her Amended Complaint, Taylor seeks comparable relief.[4]

---

[2] Count I and Count V seek the disallowance of Claim 8-2 for violation of the Bankruptcy Rules and corresponding injunctive relief under Bankruptcy Rule 3001 and 11 U.S.C. § 105. Count IV only seeks relief against Cerastes.

[3] Count II seeks the certification of the following class of debtors:

> All debtors in the Bankruptcy Court for the Eastern District of Virginia who, before filing bankruptcy, entered into a credit agreement with Allied based upon a purportedly open-end credit basis, and a claim was filed regarding that agreement.

[4] Count III seeks the certification of the following class of debtors:

> All debtors in the Bankruptcy Court for the Eastern District of Virginia who, before filing bankruptcy, entered into a credit agreement with Allied based upon a purportedly open-end credit basis.

l. Finally, the Amended Complaint generally seeks "[a] Declaration that [Allied] violated the law and an injunction against [Allied] filing any further Proofs of Claim to collect debts based on Allied extensions of credit made in violation of Virginia's open-end credit statutes."

m. On March 29, 2018, Allied filed several responsive pleadings and motions, including a motion to dismiss the Amended Complaint under Rule 12 of the Federal Rules of Civil Procedure ("Motion to Dismiss"). The Motion to Dismiss seeks the dismissal of Count II and Count III on the asserted grounds that, *inter alia*, the Amended Complaint fails to adequately allege that Allied's line of credit product violates Virginia consumer finance law.

n. On July 9, 2018, Allied filed a Motion for Certification of Questions of State Law ("Motion to Certify") asking this Court to certify to the Supreme Court of Virginia the same questions of Virginia law raised in the Motion to Dismiss.

o. On July 24, 2018, the parties, by counsel, appeared before this Court for a hearing on, *inter alia*, the Motion to Dismiss and Motion to Certify. At the conclusion of the hearing, this Court granted the Motion to Certify and entered a stay of all proceedings pending resolution of the issues presented in this Order by the Supreme Court of Virginia.

**II.    The Questions of Law to Be Answered**

1. Is the "Origination Fee" in the Agreement between Allied and Taylor a "finance charge" as that term is used in Virginia Code § 6.2-312?

2. If so, does Virginia Code § 6.2-312 require that no such finance charge be imposed upon the obligor if payment in full of the unpaid balance is received by the creditor prior to the next billing date?

5

### III.    Statement of All Facts Relevant to the Certified Question

The below facts are not in dispute. Instead, disputed questions of Virginia statutory law are determinative of the issues raised in Allied's motion to dismiss Taylor's Virginia statutory claims in Counts II and III in the Amended Complaint. Taylor contends, at bottom, that the Agreement is unlawful and void under Virginia law. A copy of the Agreement appears as Exhibit 1 to the Amended Complaint, and is incorporated into this Order by reference.

The Agreement provides a $1,500.00 credit limit at the stated interest rate of 273.75%. It is undisputed that the Agreement charges the consumer a one-time, $100 "Origination Fee" at the time credit is extended. The $100 fee, which is not owed until the end of the first billing cycle, is imposed regardless of the amount of credit extended and regardless of whether the obligor has repaid the amount of credit extended before the next billing date. On page 2 of the Agreement, under the header "Origination Fee," the Agreement states:

> You will be charged an origination fee in the amount listed on page 1 of this Line of Credit Agreement and Plan for the availability of credit under this plan (the "Origination Fee"), which will be billed to your account when you open this Line of Credit.

Allied and Taylor entered into the Agreement on July 25, 2016. The Agreement was for personal, family, household or other non-business purpose. Allied is not a licensed consumer finance company with the State Corporation Commission.

### IV.    The Names of the Parties and Their Counsel

Shirley Taylor is the plaintiff-appellee. She is represented by the following counsel:

Mark C. Leffler (VSB # 40712)
Emily Connor Kennedy (VSB # 83889)
Boleman Law Firm, P.C.
2104 W. Laburnum Ave., Suite 201
Richmond, VA 23227
Tel: (804) 358-9900
Email: mcleffler@boelmanlaw.com
Email: eckennedy@bolemanlaw.com

Dale W. Pittman (VSB #15673)
The Law Office of Dale W. Pittman, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
Tel: (804) 861-6000
Email: dale@pittmanlawoffice.com

Thomas D. Domonoske (VSB #35434)
Elizabeth W. Hanes (VSB #75574)
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1A
Newport News, VA 23601
Tel: (540) 442-7706
Email: tom@clalegal.com
Email: elizabeth@clalegal.com

Allied Title Lending, LLC d/b/a Allied Cash Advance is the defendant-appellant. It is represented by the following counsel:

David R. Ruby (VSB No. 22703)
William D. Prince IV (VSB No. 77209)
Michael G. Matheson (VSB No. 82391)
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Tel.: (804) 698-6220
Fax: (804) 780-1813
Email: druby@t-mlaw.com
Email: wprince@t-mlaw.com
Email: mmatheson@t-mlaw.com

Allied will also be represented before the Supreme Court of Virginia by:

William H. Hurd (VSB No. 16967)
Troutman Sanders LLP
1001 Haxall Point
Richmond, Virginia 23219
Tel.: (804) 697-1335
Fax: (804) 698-6058
Email: William.hurd@troutman.com

Cerastes, LLC is a defendant that is represented by the following counsel:

Daniel Ross, Esq. (VSB #79727)
Weinstein & Riley, P.S.
2001 Western Ave., Suite 400
Seattle, WA 98121
Tel: (206) 269-3490
Fax: (206) 269-3493
Email: DanielR@w-legal.com

Charles H. Jeanfreau, Jr., Esq.
Weinstein & Riley, P.S.
11 Broadway, Suite 615
New York, NY 10004
Tel: (212) 268-5540
Email: charlesj@w-legal.com

Michael B. Ballato (VSB #19603)
Ballato Law Firm, P.C.
3721 Westerre Parkway, Suite A
Richmond, VA 23233
Tel: (804) 433-1060
Email: mbb@ballatolaw.com

## V. The Certified Questions Are Determinative of Claims in Shirley Taylor's Bankruptcy Proceeding

Taylor alleges that the Agreement violates Virginia Code § 6.2-303. That section provides that "[n]o contract shall be made for the payment of interest on a loan at a rate that

8

exceeds 12 percent per year." Taylor also alleges that the Agreement violates Virginia Code § 6.2-1501(A), which states:

> No person shall engage in the business of making loans to individuals for personal, family, household, or other nonbusiness purposes, and charge, contract for, or receive, directly or indirectly, on or in connection with any loan interest, charges, compensation, consideration, or expense that in the aggregate is greater than the interest permitted by § 6.2-303, except as provided in and authorized by this chapter or Chapter 22 (§ 6.2-2200 et seq.) and without first having obtained a license from the Commission.

However, Code § 6.2-1501(B)(3) states that Subsection A does not prohibit the "[e]xtending of credit as described in § 6.2-312 in any amount." Code § 6.2-312(A) reads:

> Notwithstanding any provision of this chapter other than § 6.2-327, and except as provided in subsection C, a seller or lender engaged in extending credit under an open-end credit plan may impose, on credit extended under the plan, finance charges and other charges and fees at such rates and in such amounts and manner as may be agreed upon by the creditor and the obligor, if under the plan a finance charge is imposed upon the obligor if payment in full of the unpaid balance is not received at the place designated by the creditor prior to the next billing date, which shall be at least 25 days later than the prior billing date.

Thus, it is not disputed that a consumer finance company offering open-ended credit products in the manner provided under Code § 6.2-312 is exempt both from the interest rate limitations stated in Code § 6.2-303 as well as the licensure requirements stated in Code § 6.2-1501. At issue is what Code § 6.2-312 requires in order for a consumer finance company to be entitled to the exemption.

Taylor contends that Allied's line of credit product does not meet the exemption criteria under Code § 6.2-312. Specifically, Taylor contends: (1) that the Origination Fee is a finance charge as that term is used in Code § 6.2-312(A); and (2) that, to qualify for the exemption thereunder, Allied must not impose a finance charge if payment in full of the unpaid balance is received by Allied prior to the next billing date (which must be at least 25 days following the

9

prior billing date.) Because the Origination Fee is assessed at the time credit is extended, Taylor contends that it is an impermissible charge under Code § 6.2-312(A). If both of Taylor's contentions are correct, the Agreement does not qualify for the exemption under Code § 6.2-312(A), and the Agreement is thereby unlawful under Code §§ 6.2-303 and -1501.

On the other hand, Allied contends: (1) that the Origination Fee is not a finance charge as that term is used in Code § 6.2-312(A) and elsewhere in Title 6.2; and (2) that, regardless, Code § 6.2-312(A) is not a limitation on the imposition of finance charges, as Taylor contends. On these legal grounds, Allied argues that Taylor has failed to state a claim and Counts II and III of her Amended Complaint should be dismissed.

The Supreme Court of Virginia's resolution of the certified questions of Virginia law are determinative of Count II and Count III. If the Court were to determine either: (1) that the Origination Fee is not a "finance charge" for purposes of Code § 6.2-312(A); or (2) that the Origination Fee is a permissible finance charge under Code § 6.2-312(A), such ruling would be determinative of Taylor's claims in Count II and Count III. There would also cease to be any legal basis for an award of declaratory and injunctive relief predicated upon these alleged violations of Virginia's open-end credit statutes.

## VI.   Relevant Decisions

There is no decision of the Supreme Court of Virginia or the Court of Appeals of Virginia construing these questions under Virginia Code § 6.2-312 and, more specifically, the issues presented in the certified questions.

**VII.    Order**

Pursuant to Rule 5:40 of the Rules of the Supreme Court of Virginia relating to the certification of questions of law, it is hereby ordered:

A.    That the questions stated in Part II above be, and the same hereby are, certified to the Supreme Court of Virginia for answers;

B.    That the Clerk of this court forward to the Supreme Court of Virginia, under official seal of this court, a copy of this Certification Order, together with the original or copies of all or of any portion of the record before this court deemed necessary by the Supreme Court of Virginia to answer the certified questions; and

C.    That any request for all or part of the record be fulfilled by the Clerk of this court simply upon notification from the Clerk of the Supreme Court of Virginia.

**IT IS SO ORDERED.**


Date:  August 20, 2018                                        /s/ Kevin R. Huennekens
                                                              United States Bankruptcy Judge


                                                    Entered on Docket:  August 20, 2018

**We ask for this:**

By: _/s/ William D. Prince IV_
David R. Ruby (VSB # 22703)
William D. Prince IV (VSB # 77209)
Michael G. Matheson (VSB # 82391)
*Thompson* McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Telephone: (804) 698-6254
Facsimile: (804) 780-1813
Email: druby@t-mlaw.com
Email: wprince@t-mlaw.com
Email: mmatheson@t-mlaw.com

*Counsel for Allied Title Lending, LLC d/b/a Allied Cash Advance*

Seen and disagreed with the Court's decision for the reasons in the record, and with this Order for not stating all relevant facts and for not stating that Plaintiff has alleged alternative basis for Count 2 and 3:

By: ___/s/ Mark C. Leffler_____ (with permission by email dated 08/15/2018)
Mark C. Leffler (VSB # 40712)
Emily Connor Kennedy (VSB # 83889)
Boleman Law Firm, P.C.
2104 W. Laburnum Ave., Suite 201
Richmond, VA 23227
Tel: (804) 358-9900
Email: mcleffler@boelmanlaw.com
Email: eckennedy@bolemanlaw.com

Dale W. Pittman (VSB #15673)
The Law Office of Dale W. Pittman, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
Tel: (804) 861-6000
Email: dale@pittmanlawoffice.com


Thomas D. Domonoske (VSB #35434)
Elizabeth W. Hanes (VSB #75574)
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1A
Newport News, VA 23601
Tel: (540) 442-7706
Email: tom@clalegal.com
Email: elizabeth@clalegal.com

*Counsel for Plaintiff Shirley Dean Taylor*

By:   /s/ *Daniel Ross*                                (with permission by email dated 08/15/2018)
Daniel Ross, Esq. (VSB #79727)
Weinstein & Riley, P.S.
2001 Western Ave., Suite 400
Seattle, WA  98121
Tel: (206) 269-3490
Fax: (206) 269-3493
Email:  DanielR@w-legal.com

Charles H. Jeanfreau, Jr., Esq.
Weinstein & Riley, P.S.
11 Broadway, Suite 615
New York, NY 10004
Tel: (212) 268-5540
Email: charlesj@w-legal.com

Michael B. Ballato (VSB #19603)
Ballato Law Firm, P.C.
3721 Westerre Parkway, Suite A
Richmond, VA 23233
Tel: (804) 433-1060
Email: mbb@ballatolaw.com

*Counsel for Cerastes, LLC*

## LOCAL BANKRUPTCY RULE 9022-1 CERTIFICATION

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by and/or served upon all necessary parties.

                                                                 */s/ William D. Prince IV*
                                                                            Counsel

**Certified Copy to:**

Supreme Court of Virginia
Attn: Patricia L. Harrington, Clerk of the Court
P.O. Box 1315
100 North Ninth Street, 5th Floor
Richmond, VA 23219-1315

**Copies to:**

Mark C. Leffler, Esq.
Emily Connor Kennedy, Esq.
Boleman Law Firm, P.C.
2104 W. Laburnum Ave., Suite 201
Richmond, VA 23227

Dale W. Pittman, Esq.
The Law Office of Dale W. Pittman, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803

Thomas D. Domonoske, Esq.
Elizabeth W. Hanes, Esq.
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1A
Newport News, VA 23601

David R. Ruby, Esq.
William D. Prince IV, Esq.
Michael G. Matheson, Esq.
ThompsonMcMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219

William H. Hurd, Esq.
Troutman Sanders LLP
1001 Haxall Point
Richmond, Virginia 23219

Daniel Ross, Esq.
Weinstein & Riley, P.S.
2001 Western Ave., Suite 400
Seattle, WA 98121

Charles H. Jeanfreau, Jr., Esq.
Weinstein & Riley, P.S.
11 Broadway, Suite 615
New York, NY 10004

Michael B. Ballato, Esq.
Ballato Law Firm, P.C.
3721 Westerre Parkway, Suite A
Richmond, VA 23233

David B. Irvin, Esq.
Senior Assistant Attorney General
Consumer Protection Section
Predatory Lending Unit
202 North Ninth Street
Richmond, Virginia 23219

Erin E. Witte, Esq.
Assistant Attorney General
Consumer Protection Section
Predatory Lending Unit
202 North Ninth Street
Richmond, Virginia 23219

James E. Scott, Esq.
Assistant Attorney General
Consumer Protection Section
Predatory Lending Unit
202 North Ninth Street
Richmond, Virginia 23219