**IN THE UNITED STATES BANKRUPTCY COURT**
**Eastern District of Virginia**
**Richmond Division**

| | | |
|---|---|---|
| | ) | |
| **In re: Shirley Dean Taylor** | ) | Case No. 17-30142-KRH |
| **Debtor** | ) | Chapter 13 |
| | ) | |
| | ) | |
| **SHIRLEY DEAN TAYLOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | Adv. Pro. No. 18-03003-KRH |
| **ALLIED TITLE LENDING, LLC d/b/a ALLIED** | ) | |
| **CASH ADVANCE, and** | ) | |
| | ) | |
| **CERASTES, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**COMMONWEALTH'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE PLEADINGS IN INTERVENTION**

The Plaintiff-Intervenor, Commonwealth of Virginia, by, through, and at the relation of the Attorney General of Virginia, Mark R. Herring (the "Intervenor" or the "Commonwealth"), states as follows in support of its Motion for Leave to File Pleadings in Intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure and Rule 7024 of the Federal Rules of Bankruptcy Procedure.

### I. FACTUAL BACKGROUND

Allied is an open-end credit lender that made loans to Virginia consumers at an annual interest rate of 273.75% from July 28, 2013 through at least July 24, 2017. While Virginia requires consumer lenders to cap interest rates at 12%, it provides an exception for lenders extending credit "as described in § 6.2-312," which is the open-end credit plan statute. Va. Code

§ 6.2-1501(B)(3). Allied attempted to claim this exception, but it failed to comply with the provisions of § 6.2-312 by imposing a finance charge before the expiration of a minimum 25-day grace period. Allied is subject to the consumer finance statutes, but it is not licensed as a consumer finance lender. The loans it made that violate these statutory provisions are therefore void and uncollectible. Va. Code § 6.2-1541. Allied has proceeded to collect on these debts by filing Proofs of Claim in this Bankruptcy Court.

The Commonwealth filed a Complaint in the Circuit Court of the City of Richmond (the "Circuit Court matter") against Defendant Allied Title Lending, LLC d/b/a Allied Cash Advance ("Allied") on September 12, 2017 for violations of the consumer finance statutes.[1] Since that time, Ms. Taylor filed her adversary proceeding in this Court ("the Bankruptcy matter"), objecting to the Proof of Claim Allied filed which stems from her purported open-end credit plan loan with it. Ms. Taylor's Amended Complaint filed on March 25, 2018 objects to all Proofs of Claim filed by Allied on a class-wide basis, because the debts upon which Allied attempts to collect are void and uncollectible.

The Commonwealth has appeared in this Court to be heard regarding Defendant Allied's Motion to Certify certain legal questions to the United States District Court and regarding the Commonwealth's potential intervention in the Bankruptcy matter during the pretrial conference. At both matters, the Court inquired of the Commonwealth about its position on the Bankruptcy matter as well as the status of the  Circuit Court matter. This Court scheduled two matters to be heard on November 15, 2018, including Defendants' Motions to Dismiss and Defendant Allied's Motion to Compel Arbitration. The Commonwealth now moves to intervene in this adversary

---

[1] The original Complaint also included allegations that Allied violated the Virginia Consumer Protection Act, Virginia Code §§ 59.1-196 et seq., but the Circuit Court struck the Commonwealth's VCPA claim on January 22, 2018. The Commonwealth was granted leave to file a First Amended Complaint on September 26, 2018, and Allied has filed a Demurrer in response, which remains pending.

proceeding, because the legal issues, claims, and defenses raised in its Richmond Circuit Court matter, Plaintiff's adversary proceeding, and Defendants' Motions to Dismiss Ms. Taylor's objections to the Proofs of Claim on a class basis are identical. The Commonwealth is seeking to intervene as a plaintiff to object to Allied's Proofs of Claim and for leave to file the Opposition to Allied's Motion to Dismiss.

## II. ARGUMENT

Bankruptcy Rule 7024 permits parties to intervene in a bankruptcy adversary proceeding in accordance with Rule 24 of the Federal Rules of Civil Procedure. Rule 24(b) grants this Court discretion to permit the Commonwealth to intervene in the above-captioned action if it "has a claim or defense that shares with the main action a common question of law or fact," and that discretion is broad. *Stuart v. Huff*, 706 F.3d 345, 350 (4th Cir. 2013).

A movant seeking permissive intervention must satisfy four criteria. **First**, the movant must have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); *Liberty Mut. Fire Ins. Co. v. Lumber Liquidators, Inc.*, 314 F.R.D. 180, 183 (E.D. Va. 2016). The Commonwealth's Circuit Court matter and Ms. Taylor's objections to Allied's Proofs of Claim allege that Allied violated the Virginia consumer finance statutes, and that its loans are void and uncollectible. Further, the Commonwealth and Ms. Taylor are seeking the same relief as a result of these claims. Accordingly, the Commonwealth satisfies this first criterion.

**Second**, the intervention must not "unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(3); *Hill v. W. Elec. Co.*, 672 F.2d 381, 386 (4th Cir. 1982). The Commonwealth's intervention in the adversary proceeding will not prejudice the parties, because the Commonwealth's goal is to avoid inconsistent results for

similarly-situated parties in multiple courts. Accordingly, all parties benefit from the Commonwealth's intervention, and the Commonwealth satisfies the second criterion for permissive intervention.

**Third**, the motion must be timely. Fed. R. Civ. P. 24(b)(1); *Alt v. United States EPA*, 758 F.3d 588, 589 (4th Cir. 2014). The Bankruptcy matter is in its beginning stages. This Court has not yet rendered a decision about preliminary issues such as arbitration, motions to dismiss, and motions to stay. The Commonwealth's intervention at this juncture is timely, because it would afford the Commonwealth an opportunity to be heard on identical legal issues at an appropriate stage in the litigation.

And **fourth**, there must be an independent ground of subject matter jurisdiction for the intervenor's claims. *Shanghai Meihao Elec., Inc. v. Leviton Mfg. Co.*, 223 F.R.D. 386, 387 (D. Md. 2004). This Court has subject matter jurisdiction over the claims raised by the Commonwealth in its proposed Complaint in Intervention because the claims arise in and are related to the Bankruptcy matter. 28 U.S.C. 1334(b).

## III. CONCLUSION

The Commonwealth has satisfied the requirements for permissive intervention in the Bankruptcy matter pursuant to Rule 7024 of the Federal Rules of Bankruptcy Procedure and Rule 24(b) of the Federal Rules of Civil Procedure, and the Court should grant it leave to file the attached Complaint in Intervention and its Opposition to Allied's Motion to Dismiss.

COMMONWEALTH OF VIRGINIA,
*EX. REL.* MARK R. HERRING,
ATTORNEY GENERAL


By:      /s/ Erin E. Witte_____

Mark R. Herring
Attorney General

Cynthia E. Hudson
Chief Deputy Attorney General

Samuel T. Towell
Deputy Attorney General

Richard S. Schweiker, Jr.
Chief and Senior Assistant Attorney General

David B. Irvin (VSB No. 23927)
Senior Assistant Attorney General
Erin E. Witte (VSB No. 81096)
James E. Scott (VSB No. 88882)
Assistant Attorneys General
Consumer Protection Section
Predatory Lending Unit
202 North Ninth Street
Richmond, Virginia 23219
Phone: (703) 359-6716
Fax: (804) 786-0122

Certificate of Service

       I hereby certify that on the 8th day of November 2018, a true and accurate copy of the foregoing Memorandum in Support of Motion for Leave to File Pleadings in Intervention was delivered via email and/or the electronic case filing (ECF) system to the following:

Robert B. Van Arsdale, Esq.
Office of the United States Trustee
701 East Broad Street, Suite 4304 Richmond, Virginia 23219
Email: USTPRegion04.RH.ECF@usdoj.gov

David R. Ruby, Esq.
William D. Prince, IV, Esq.
Thompson McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, VA 23219
Email: druby@t-mlaw.com
*Counsel for Defendant Allied Title Lending, LLC*

Daniel Ross, Esq.
Weinstein & Riley, P.S.
2001 Western Ave., Suite 400
Seattle, WA 38121
Email: danielr@w-legal.com
*Counsel for Defendant Cerastes, LLC*

Mark C. Leffler, Esq.
Emily Connor Kennedy, Esq.
Boleman Law Firm, P.C.
P.O. Box 11588
Richmond, VA 23230
Tel: (804) 358-9900
Fax: (804) 358-8704
Email: mcleffler@bolemanlaw.com
*Counsel for Plaintiff Shirley Dean Taylor*

Dale W. Pittman, Esq.
The Law Office of Dale W. Pittman, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
Tel: (804) 861-6000
*Counsel for Plaintiff Shirley Dean Taylor*

Thomas D. Domonoske, Esq.
Elizabeth W. Hanes, Esq.
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1A
Newport News, VA 23601
Tel: (540) 442-7706
*Counsel for Plaintiff Shirley Dean Taylor*

_____/s/ Erin E. Witte_____
Counsel