IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN RE:    SHIRLEY DEAN TAYLOR<br><br>Debtor. | Case No. 17-30142-KRH<br>Chapter 13 |
| SHIRLEY DEAN TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>ALLIED TITLE LENDING, LLC<br>d/b/a ALLIED CASH ADVANCE, and<br><br>CERASTES, LLC,<br><br>    Defendants. | Adv. Pro. No. 18-03003-KRH |

## MEMORANDUM OPINION

Before the Court in this adversary proceeding (the "Adversary Proceeding") is a Motion to Intervene[1] filed by the Commonwealth of Virginia, by, through, and at the relation of the Attorney General of Virginia, Mark R. Herring (the "Virginia Attorney General") and the Objection[2] thereto filed by Allied Title Lending, LLC d/b/a Allied Cash Advance ("Allied"). A hearing on the Motion to Intervene took place on November 15, 2018 (the "Hearing"). The

---

[1] Commonwealth's Mot. Leave File Pleadings Intervention, ECF No. 108 (the "Motion to Intervene").

[2] Allied's Prelim. Obj. & Reserv. Rights Regarding Commonwealth's Mot. Leave File Pleadings Intervention, ECF No. 109 (the "Objection").

Court ruled at the Hearing that it would grant the Motion to Intervene.[3] This memorandum sets forth the reasons for the Court's ruling.

The United States Bankruptcy Court for the Eastern District of Virginia (the "Court") has subject matter jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of Reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (C), and (O), as the Adversary Proceeding concerns "the administration of the estate," the "allowance or disallowance of claims against the estate," "counterclaims by the estate against persons filing claims against the estate," and "other proceedings affecting the liquidation of the assets of the estate."

Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409, as this Adversary Proceeding arises in a bankruptcy case pending in this Court. A substantial part of the events or omissions giving rise to the claims asserted against Allied took place in this judicial district.

Allied, a Delaware limited liability company, offers "short-term, small-dollar loans to Virginians that mimic payday loans but are in the form of open-end credit plans." Am. Compl. ¶¶ 10, 15.[4] The Debtor in the underlying bankruptcy case was one such consumer. *Id.* ¶ 22. Both the Debtor in the above-captioned Adversary Proceeding and the Virginia Attorney General allege that Allied violated Virginia law by charging annual interest rates in excess of the 12

---

[3] Order Granting Mot. Leave File Pleadings Intervention, ECF No 125.

[4] Am. Compl. Objecting Claim No. 8-1 & No. 8-2, Damages, Costs, & Att'y Fees Pursuant FDCPA 15 U.S.C. § 1692, Classwide Rel., Declaratory Rel., Injunctive Rel., & Equit. Rel. Pursuant 11 U.S.C. § 105, ECF No. 23 ("Amended Complaint").

percent statutory cap.[5]  *Id.* ¶¶ 105-16; Mot. Intervene 1.  Although Virginia law provides an exception to this statutory cap for open-ended credit, the Debtor and the Virginia Attorney General allege that Allied failed to meet the requirements of that safe harbor by imposing a finance charge before the expiration of a minimum 25-day grace period.  Am. Compl. ¶¶ 105-16; Mot. Intervene 1-2.

Prior to the institution of this Adversary Proceeding, on September 12, 2017, the Virginia Attorney General filed a complaint against Allied for these alleged violations of the Virginia consumer finance statutes in the Circuit Court of the City of Richmond.  Mot. Intervene 2.  That action remains pending.

On November 8, 2018, the Virginia Attorney General filed its Motion to Intervene.[6]  The Virginia Attorney General alleged that it met the criteria for intervening in this Adversary Proceeding under Rule 24(b) of the Federal Rules of Civil Procedure, as incorporated by Rule 7024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Mot. Intervene 1. The Virginia Attorney General attached as an exhibit a proposed complaint in intervention, which seeks disallowance of Allied's claim against the Debtor for violation of Virginia consumer finance laws and Virginia usury law and seeks relief from Allied in the form of "restitution, civil penalties, attorney's fees and costs, as well as injunctive relief" arising out of Allied's "loans that the Commonwealth alleges are void."  *Id.* Ex. A, at 2.  Specifically, the Virginia Attorney

---

[5]  The Debtor seeks to disallow the claim that was filed by Allied in her bankruptcy case pursuant to section 502(b)(1) of the Bankruptcy Code.  The Debtor also seeks to assert a class claim objection against Allied on behalf of other similarly situated debtors in the Eastern District of Virginia.  The claim objection class members are defined as "[a]ll debtors in the Bankruptcy Court for the Eastern District of Virginia who, before filing bankruptcy, entered into a credit agreement with Allied based upon a purportedly open-end credit basis, and a claim was filed regarding the agreement."  Am. Compl. ¶ 79.  The Court has not addressed the merits of the proposed class certification.

[6]  At an October 10, 2018, pre-trial conference attended by all parties to this Adversary Proceeding, including Allied and the Virginia Attorney General, the Court announced that it would hear any motions, such as the Motion to Intervene, filed by the Virginia Attorney General at the November 15, 2018, hearing.  Hr'g Tr. 17:20-19:25, Oct. 10, 2018.

3

General asserts that Allied extended loans to debtors that violated Virginia's consumer finance statutes and filed proofs of claim in bankruptcy proceedings based on those illegal lending arrangements. *Id.* On November 13, 2018, Allied filed its Objection.

Rule 24 of the Federal Rules of Civil Procedure, as made applicable to this Adversary Proceeding by Bankruptcy Rule 7024, provides this Court with the discretion to permit intervention to any person who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

As a threshold matter, the Court may only grant permissive intervention upon a timely motion. Fed. R. Civ. P. 24(b). In determining whether a motion is timely, the Court is to consider the following three factors: "first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." *Alt v. U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014). Of these three factors, "the most important . . . is the prejudice caused to the other parties by the delay." *Hill Phoenix, Inc. v. Systematic Refrigeration, Inc.*, 117 F.Supp.2d 508, 514 (E.D. Va. 2000) (citing *Spring Constr. Co., Inc. v. Harris*, 614 F.2d 374, 377 (4th Cir. 1980)). The Court has wide discretion in determining whether the motion was timely filed. *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 323 F.R.D. 553, 556–57 (E.D. Va. 2018).

The Court found that the Motion to Intervene was timely filed; and, thus, the Court concluded the Virginia Attorney General had satisfied this threshold matter. At the time the Motion to Intervene was filed, this Adversary Proceeding remained in its early stages. No answer to the Amended Complaint has been filed and discovery has not yet commenced. No trial date has been set. The Virginia Attorney General was not tardy in filing the Motion to Intervene as the Court stated at the October 10, 2018, pre-trial conference that it would consider

such a motion at the November 15, 2018 hearing. As the Virginia Attorney General has brought an almost identical state court lawsuit against Allied, which suit pre-dates this Adversary Proceeding, the Court found that there would be no resulting delay that might cause prejudice to the other parties. Rather, the other parties face the risk of greater prejudice insofar as denying the motion may result in inconsistent results between the two fora.

Having determined that the Motion to Intervene is timely, the Court must now consider whether to grant the Motion to Intervene. The Court has broad discretion when determining whether to grant permissive intervention. *Wash. Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 98 (2d Cir. 1990); *cf. Stuart v. Huff*, 706 F.3d 345, 350 (4th Cir. 2013). The issue turns on whether the Virginia Attorney General has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

The Virginia Attorney General does in fact have a claim that shares a common question of law as the claims brought in this Adversary Proceeding. Both the complaint filed by the Virginia Attorney General and the Amended Complaint filed by the Debtor allege that Allied violated Virginia consumer finance law. Thus, as the Motion to Intervene was timely filed and because the Virginia Attorney General has met the requirements of Rule 24(b)(2)(B) of the Federal Rules of Civil Procedure, the Court granted permissive intervention.

ENTERED:   January 3, 2019

                                                /s/ Kevin R. Huennekens
                                    UNITED STATES BANKRUPTCY JUDGE

Entered on Docket:   January 3, 2019